`

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Anthony Edwards, | No. 2:24-cv-01283-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| UPS, et al., | |
| Defendants. | |

Plaintiff David Anthony Edwards argues this court lacks diversity jurisdiction and moves to remand this matter to state court. Defendant United Parcel Services, Inc. (UPS, Inc.), opposes, arguing the only forum defendant, Franklin Harris, was not served before removal and is fraudulently joined. The court **grants** the motion to remand and **denies** UPS, Inc.'s motion for judgment on the pleadings as **moot**.

I.  **BACKGROUND**

Mr. Edwards brought this wrongful termination action against UPS, UPS, Inc., United Parcel Service General Services Co., Franklin Harris and Does 1 through 100, inclusive,[1] for allegedly discriminating against him "on the basis of his disability, specifically, his mental health

---

[1] Defendants argues the only proper defendant is United Parcel Service, Inc. and Mr. Edwards "[e]rroneously sued [defendant] as UPS; United Parcel Services, Inc.; and United Parcel Service General Services Co." *See* Opp'n at 9, ECF No. 8. The court does resolve this issue in the instant order.

conditions, post-traumatic stress disorder, stress, and anxiety." Remand Mem. at 1, ECF No. 7-1; *see* Mot. Remand, ECF No. 7. Mr. Edwards's claims include disability discrimination, failure to engage in the interactive process, failure to provide reasonable accommodation, retaliation, hostile work environment harassment, failure to prevent discrimination, harassment and retaliation, adverse employment action in violation of public policy and negligent infliction of emotional distress (NIED). *See id.* at 2. Mr. Edwards has brought only one claim against Mr. Harris, for NEID e. *See* Compl. at 50, Ex. A to Savaso Decl., ECF No. 1-4. Mr. Edwards attempted to serve Mr. Harris on April 17, 2024, without success, and has not reported any further effort to serve him since. *See* Remand Mem. at 2; Opp'n at 2.

UPS, Inc. removed the case to this court based on a claim of complete diversity of citizenship. Notice of Removal, ECF No. 1. The parties agree Mr. Edwards is a citizen of California and Mr. Harris is a resident of California, which would defeat complete diversity and favor remand if Mr. Harris is a proper defendant. However, the parties disagree whether Mr. Harris is a proper defendant. UPS, Inc. argues United Parcel Service, Inc., a citizen of Ohio and Georgia, is "the only proper Defendant." *See id.* at 4. Because plaintiff did not complete service on Mr. Harris before removal, UPS, Inc. argues removal was proper under 28 U.S.C. § 1441(b)(2), which states, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see* Notice of Removal at 6–7. UPS Inc.'s argument hinges on the "joined and served" language in § 1441(b)(2), and its removal of the case based on this reading is sometimes referred to as "snap removal." *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024) ("[Defendant] was trying to effect what is known as a "snap removal"—filing its notices of removal before service of the summons and complaint."). Even if service was not required for Mr. Harris's status as a party to defeat complete diversity and snap removal is not permissible, UPS, Inc. argues Mr. Harris was fraudulently joined and therefore it properly removed the case. *See* Notice of Removal at 5.

UPS, Inc. opposes the motion to remand, *see* Opp'n, and plaintiff did not file a reply. The court submitted the motion without a hearing. *See* Min. Order (July 3, 2024), ECF No. 9. UPS, Inc. has since filed a motion for judgment on the pleadings, seeking to dismiss plaintiff's NIED claim against Mr. Harris. *See* Mot. J., ECF No. 10. Plaintiff filed a statement of non-opposition to that motion, requesting the court dismiss the claim without prejudice so he could potentially renew the claim in an amended complaint. *See* Non-Opp., ECF No. 12. The court submitted this matter without a hearing as well. *See* Min. Order (Sept. 4, 2024), ECF No. 15. The court necessarily resolves the issue of subject matter jurisdiction first, which requires neutral consideration of defendant's argument in opposition to remand regarding the NIED claim and whether defendant meets its burden in opposing remand.

## II.   LEGAL STANDARD

When a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). In every case, the threshold question a federal court must answer affirmatively is whether it has jurisdiction. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded[.]"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

Diversity jurisdiction requires complete diversity, meaning each plaintiff has different citizenship than each defendant. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "In determining whether there is complete diversity, district courts may

3

disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation and marks omitted). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Nasrawi*, 713 F. Supp. 2d at 1084–85 (citation and marks omitted).

"Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation and marks omitted). The removing defendant "bears a heavy burden" in attempting to show removal is proper given the "general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1044, 1046.

**III.   ANALYSIS**

    **A.   Service of Non-Diverse Defendant**

As an initial matter, the court clarifies whether the fact that plaintiff did not serve Mr. Harris before UPS, Inc. removed the case prevents his status as a forum defendant from defeating diversity jurisdiction. "It is now common practice for in-forum defendants in potential diversity actions to race to file a notice of removal before being served with process and then claim shelter under the 'properly joined and served' language in § 1441(b)(2)." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 & n.17 (9th Cir. 2024). Although the Ninth Circuit has not decided the

4

permissibility of these "snap removals" under § 1441(b)(2), a number of district courts in the circuit have determined "snap removals" should not be permitted. *See, e.g., U.S. Bank Nat'l Ass'n, etc. v. Fid. Nat'l Title Grp., Inc.*, 604 F. Supp. 3d 1052, 1058–59 (D. Nev. 2022); *but see Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012).

This court agrees with those sister courts who have concluded "[w]hen evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served." *Greenway Nutrients, Inc. v. Pierce*, 2022 WL 17486359, *2 (C.D. Cal. 2022) (citation and marks omitted); *see, e.g., Martinez v. Siemens Indus., Inc.*, No. 15-00511, 2015 WL 4460863, at *3 (E.D. Cal. July 21, 2015); *Wilmington Tr. v. Fid. Nat'l Title Grp., Inc.*, 604 F. Supp. 3d 1044, 1051 (D. Nev. 2022) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 319 (D. Mass. 2013)) (granting remand in similar case and reasoning goal of removal power and forum-defendant rule, namely "protect[ing] non-forum litigants from possible state court bias in favor of forum-state litigants," is mitigated with the presence of a forum defendant, whether or not they were served before non-forum defendant removed the case to federal court); *Pratt v. Alaska Airlines, Inc.*, No. 21-84, 2021 WL 1910885, at *5 (W.D. Wash. May 12, 2021) (citations omitted) (collecting cases and explaining, "[i]n sum, this Court now joins the many other courts that have found 'snap removal' is not consistent with the text, history, and purpose of the Forum Defendant Rule").

UPS, Inc. also argues the court should deny the motion to remand based on a particular interpretation of three federal appellate court decisions, none of which issued from the Ninth Circuit. *See* Opp'n at 4 (citing *Texas Brine Co. LLC v. Am. Arb. Ass'n. Inc.*, 955 F.3d 482, 485–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018)). UPS, Inc. cites these decisions to argue "the forum defendant rule only prevents removal of an action when there is an in-state defendant who has already been served at the time of removal." *Id.* Many district courts across the country, including at least one in this circuit, have relied on similar reasoning. *See, e.g., Deutsche Bank Nat'l v. Old Republic Title Ins. Grp.*, 532 F. Supp. 3d 1004, 1012 (D. Nev. 2021); *Spreitzer Properties, LLC v. Travelers Corp.*, 599 F. Supp. 3d 774,

5

782 (N.D. Iowa 2022); *Great W. Cas. Co. v. CR Express, Inc.*, No. 23-16942, 2024 WL 3495231, at *2 (N.D. Ill. July 22, 2024); *BKL Holdings, Inc. v. Globe Life Inc.*, No. 22-00170, 2022 WL 2119116, at *2 (E.D. Tex. June 13, 2022). This reasoning assumes the parties are completely diverse and the case would otherwise have been removable under § 1332, as was true in the three non-Ninth Circuit decisions. For example, in *Texas Brine Co. LLC v. Am. Arbitration Association Inc.*, the plaintiff was from Texas, the non-forum defendant who removed the action was from New York, and the two defendants the plaintiff had not yet served were from the forum state, Louisiana. *See Texas Brine*, 955 F.3d at 484–86. Accordingly, within the language of § 1441(b)(2), the cases were "otherwise removable." *See* 28 U.S.C. § 1441. Only then could it make sense to conclude, as the Fifth Circuit did, that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Texas Brine*, 955 F.3d at 487; *see also Gibbons*, 919 F.3d at 704–07 (holding removal proper where case was otherwise removable); *Encompass Ins. Co.*, 902 F.3d at 151–54 (same). By contrast, in this case as with the district court decisions cited in the preceding paragraph, the parties are not completely diverse, so the case was not "otherwise removable," and the sequence of service and removal does not make a difference. *See* 28 U.S.C. § 1441. The court next turns to the question of fraudulent joinder to determine if there is complete diversity or if the case should be remanded.

  **B.  Fraudulent Joinder**

  UPS, Inc. argues Mr. Edwards's allegations in his complaint meet the statutory requirements for the amount in controversy, and plaintiff does not disagree. *See* Notice of Remand ¶¶ 25–30; Remand Mem. at 5; *see generally* Opp'n. It also is undisputed that only Mr. Harris shares California citizenship with plaintiff. *See* Notice of Removal ¶¶ 1, 25–30. Thus, the only remaining question with respect to remand is whether UPS, Inc. has shown plaintiff fraudulently joined Mr. Harris — if plaintiff did, then the case should not be remanded. UPS, Inc. does not argue plaintiff committed actual fraud in the pleading of jurisdictional facts. *See generally* Opp'n. Rather, UPS, Inc. argues Mr. Harris is fraudulently joined as a defendant under the second prong of the test articulated in *Grancare, supra*, because Mr. Edwards cannot state a

6

claim against Mr. Harris. *Id.* at 9. To establish fraudulent joinder under the second prong, the court must consider whether there is "a possibility that a state court would find that the complaint states a cause of action" against him. *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). A defendant is fraudulently joined when "it is abundantly obvious that [a plaintiff] could not possibly prevail" in his claim against the defendant in question. *Carrick v. Peloton Interactive, Inc.*, No. 24-00212, 2024 WL 3378332, at *4 (N.D. Cal. July 10, 2024) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)).

UPS, Inc. argues Mr. Edwards's single NEID claim against Mr. Harris for his actions "while acting within the scope of his employment with UPS," Opp'n at 8, is barred. *See* Compl. ¶¶ 263–73, ECF No. 1. UPS, Inc. explains Mr. Edwards "has already filed a claim with the Workers' Compensation Appeals Board years before bringing this action," and state law provides that recovery by way of workers' compensation is "the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment." *See* Opp'n at 7 (alteration and citation omitted). However, it is not "abundantly obvious" to the court that Mr. Edwards's claim is barred by the California Workers' Compensation Act such that he cannot prevail. *Carrick*, 2024 WL 3378332, at *4; *see* Cal. Lab. Code §§ 3600, 3601. Mr. Edwards alleges Mr. Harris's conduct "was extreme, outrageous, and beyond that which a person in a civilized society should be forced to bear," Compl. ¶ 265, and Mr. Harris "intended to and did vex, harass, annoy, and cause Plaintiff to suffer and continue to suffer emotional distress, and did so with malice entitling Plaintiff to punitive damages," *id.* ¶ 266.

Though plaintiff did not reply to UPS, Inc.'s opposition, the court need not rely solely on the parties' arguments in resolving contested jurisdiction. *See United Invs. Life Ins. Co.*, 360 F.3d at 966. Given the phrasing of plaintiff's allegations, it is plausible that "[t]he purportedly inappropriate conduct here appears to be outside the normal scope of employment" ─ and thus not covered by Mr. Edwards's separate Workers' Compensation claim ─ "because the factual allegations suggest that such discrimination and harassment" was not necessarily approved of by the employer. *See Carrick*, 2024 WL 3378332, at *4–5; *see also Vanderhule v. Amerisource*

7

*Bergen Drug Corp.*, No. 16-2104, 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017).  As in *Carrick*, "[a]t a minimum, any 'deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend,'" precluding this court from finding Mr. Harris is a fraudulently joined defendant.  *See Carrick*, 2024 WL 3378332, at *5 (citing *Granacre*, 889 F.3d at 550).  Notwithstanding plaintiff's not filing a reply, UPS, Inc. has not met its burden of showing plaintiff cannot prevail on this claim in state court.

### IV.   CONCLUSION

Because diversity of citizenship is lacking, the court lacks subject matter jurisdiction and **grants** plaintiff's motion to remand.  Accordingly, the court **denies** UPS Inc.'s motion for judgment on the pleadings as **moot**.

This order resolves ECF No. 7 and 10.

IT IS SO ORDERED.

DATED:  September 9, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE